Marvin H. SIEGEL, Plaintiff,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

Civ. A. No. 77-3284-C.

United States District Court,
D. Massachusetts.

May 29, 1980.
Supplemental Order June 4, 1980.

Joel Z. Eigerman, McCormack & Zimble, Boston, Mass., for plaintiff.

Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Marvin H. Siegel a resident of Medford, Massachusetts against the Mutual Life Insurance Company, a New York corporation with its principal place of business in New York City. Jurisdiction of this Court is invoked under 28 U.S.C. § 1332.

Mr. Siegel who is a member of the bar of this state alleges that in 1965 he bought defendant's accident and health insurance policy No. 63x2-65-26 which provided that if he became disabled because of sickness he was to receive $500 a month for a period of no more than five years. The policy further provided that if plaintiff became disabled by an accidental cause, then he was to receive $500 a month for the duration of his disability. Plaintiff alleges that on August 2, 1971 he was injured in an automobile accident in which he sustained injuries which have rendered him totally disabled from that date to the present time. More particularly, plaintiff alleges that the injuries sustained in the accident have caused him to suffer from Raynaud's Phenomenon, a condition of the circulatory and nervous system which he says totally disabled him. Mr. Siegel further alleges that he has complied with all conditions of the insurance policy but has been refused the coverage beyond the five year period.

After a bench trial, at which plaintiff testified and called as witnesses Dr. Robert Moss a psychiatrist, Dr. H. Archer Berman an orthopedic surgeon, and Dr. Jay D. Kaufman an internist, I find and rule as follows.

Mr. Siegel, an attorney, has been treated for psychiatric problems by Dr. Moss from December 1967 to date. In June 1970 Mr. Siegel accepted a ruling from the Social Security Agency that he has been totally disabled since March 1968 because of psychiatric problems. Mr. Siegel testified that since March 1968 he has not read a pleading, drawn a pleading, interviewed a client, discussed a case with a client, or done anything else in the practice of law, and that he is still receiving the social security payments based on total disability because of psychiatric problems.

Dr. Berman, the orthopedic specialist, testified that he visited with plaintiff about

six weeks after the automobile accident and found that plaintiff had sustained injuries to the left side of his head, neck, shoulder, elbow and knee, and also had sustained injuries to the right lower spine and pelvis. Dr. Berman did not testify as to plaintiff receiving any direct trauma to either his hands or feet. He observed some blueness of plaintiff's thumb and fingers and noticed that plaintiff's toes felt cold. Dr. Berman referred plaintiff to Dr. Moss for further psychiatric therapy and to Dr. Kaufman.

Dr. Kaufman testified that in fact he gave no treatment to the plaintiff but examined him once in 1971, once in 1974, and once again in 1978. The only abnormality detected by Dr. Kaufman in his 1971 examination of plaintiff was some bluish discoloration of the fingers. On the basis of that observation and the history given to him by plaintiff, Dr. Kaufman made a diagnosis of Raynaud's Phenomenon. He considered the Raynaud's to be of unknown etiology. Dr. Kaufman expressed the opinion that the onset of Raynaud's can be triggered by a traumatic injury. However, Dr. Kaufman, like the other two doctors, testified only to *possibility*. He was not asked for and did not express any opinion as to whether Mr. Siegel's condition was *probably* caused by the automobile accident.

I rule that on the record before me plaintiff has failed to prove that the Raynaud's Phenomenon, from which he claims to be suffering, was proximately caused by the automobile accident and consequently, that he has failed to sustain his burden in proving, by a preponderance of the evidence, that he is disabled by an accidental cause. I further rule on the basis of Dr. Kaufman's testimony to the effect that the Raynaud's Phenomenon are episodic symptoms that can be terminated in 5 or 10 minutes by warming ones hands, although occasionally they can last up to two hours and that Mr. Siegel has also failed to prove by a preponderance of the evidence that he is in fact disabled by Raynaud's Phenomenon. In so ruling, I have in mind Dr. Kaufman's testimony that people with Raynaud's need no treatment other than being told that they do not have a dire disease.

There is no suggestion herein that any law other than the law of Massachusetts should be used in determining this case and it should be noted that it is settled Massachusetts law that where proof of causal relationship requires expert evidence, as it did in this case, plaintiff may not prevail if the expert evidence consists of testimony expressed only in terms of various possibilities. "When the precise cause is left to conjecture and may be reasonably attributed to a condition for which no liability attaches as to one for which it does, then a verdict should be directed against the plaintiff." *Currie v. Lee Equipment Corp.*, 362 Mass. 765, 768, 291 N.E.2d 403 (1973), quoting *Ryan v. Fall River Iron Works Co.*, 200 Mass. 188, 192, 86 N.E. 310 (1908). *Accord, Swartz v. General Motors Corp.*, 1978, Mass. Adv.Sh. 1867, 1872, 378 N.E.2d 61; *Maher v. General Motors Corp.*, 370 Mass. 231, 234, 346 N.E.2d 833 (1976).

Accordingly, an order will be entered dismissing the complaint.

### SUPPLEMENTAL ORDER

Subsequent to the filing of a memorandum and order herein on May 29, 1980, it was called to the Court's attention that the May 29, 1980 order did not expressly dispose of defendant's counterclaim. Accordingly, I now rule that defendant did not prove the allegations of the counterclaim by a preponderance of the evidence and consequently, it is ORDERED:

Defendant's counterclaim is dismissed.

The May 29, 1980 order did not expressly dispose of plaintiff's claim that life insurance policy No. 889–03–95 should be reinstated. I rule that because of plaintiff's failure to submit any evidence in support of that contention that it should be and hereby is denied.